Stephen G. **CONAFAY**, an infant, by his father and next friend Stephen R. **CONAFAY**, et al., Appellants,

v.

**WYETH LABORATORIES, A DIVISION OF AMERICAN HOME PRODUCTS CORP., et al.**

No. 85–5615.

United States Court of Appeals, District of Columbia Circuit.

March 15, 1988.

As Amended April 14, 1988.

**418**

Jacob A. Stein, Washington, D.C., for appellants.

Michael T. Scott and Timothy V. Long, Washington, D.C., for appellee.

Before ROBINSON and D.H. GINSBURG, Circuit Judges; and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

This case returns to the court after remand to the district court for a statement of reasons why that court denied appellants' motion for voluntary dismissal. *See Conafay v. Wyeth Laboratories,* 793 F.2d 350 (D.C.Cir.1986). After considering the reasons provided by the district court, we conclude that appellants' motion should have been granted and accordingly we reverse the order denying dismissal and remand for entry of an order dismissing the case without prejudice.

Stephen R. Conafay and his son, Stephen G. ("Casey") Conafay, sued appellee Wyeth Laboratories for damages owing to the injuries suffered by Casey from the administration of a diphtheria-tetanus-pertussis ("DTP") vaccine to Casey when he was nine weeks old. The complaint was filed in March 1983 and over the next few months limited discovery was conducted. In September 1983, appellee took the deposition of Dr. Beale Ong, the physician who prescribed and supervised the administration of the DTP vaccine to Casey. The following November, appellants moved voluntarily to dismiss their complaint against Wyeth. As their reasons for requesting dismissal, appellants stated that (1) the deposition of Dr. Ong gave them reason to believe he should be added as a party defendant, and (2) they could not join Dr. Ong and continue to litigate their claims in federal court as both the Conafays and Dr. Ong were domiciled in Maryland.

The district court initially assumed that the motion was unopposed and thus it ordered a voluntary dismissal of the case. Appellee moved to vacate the court's order, the district court did so, and on December 31, 1983, appellee filed both an opposition to the motion to dismiss and its own motion for summary judgment. Appellants opposed the latter motion. On February 9, 1984, without giving reasons, the district court denied appellants' motion to dismiss.

Over a year later, in March 1985, the court granted the motion for summary judgment.

On appeal to this court, appellants challenged the denial of their motion to dismiss, as well as the order granting appellee's motion for summary judgment. This court remanded the record to the district court with instructions to provide reasons for its refusal to grant the voluntary dismissal. In its ruling, the court also discussed the legal principles involved in the decision of whether to grant a voluntary dismissal and concluded that "it is not obvious to us ... that appellants' motion to dismiss should have been denied." *Conafay*, 793 F.2d at 353.

The district court, on February 4, 1987, supplied the reasons requested by this court in its remand order. Hence the case is now ready for disposition.

In considering appellants' motion for voluntary dismissal, it is clear that the district court attached too much significance to two factors: (1) the expense and inconvenience to appellee of enduring a second round of litigation in a different forum; and (2) appellee's submission of the motion for summary judgment.

With respect to the first factor, it is beyond dispute that, to justify the denial of a motion for voluntary dismissal, a district court must find that dismissal will inflict clear legal prejudice on a defendant. *See, e.g., Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986) (voluntary dismissal "should not be denied absent substantial prejudice to the defendant"); *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir.1986) ("in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice"); *Hamilton v. Firestone Tire and Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982) ("plain legal prejudice" required); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976) (dismissal should generally be granted "unless the defendant will suffer some legal harm"); 5 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 41.05[1] (1986) ("Where substantial prejudice is lacking, the district court should exercise its discretion by granting a motion for vol-

untary dismissal without prejudice."); 9 C. Wright and A. Miller, Federal Practice and Procedure § 2364 (1971) (district court will deny motion "if defendant will be seriously prejudiced by a dismissal"). While the parameters of "legal prejudice" are not absolutely clear, it is nevertheless certain that the term in this context means "something other than the necessity that defendant might face of defending another action. That kind of disadvantage can be taken care of by a condition that plaintiff pay to defendant its costs and expenses incurred in the first action." *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). *See also Conafay*, 793 F.2d at 353; *McCants*, 781 F.2d at 857; *Hamilton*, 679 F.2d at 145–46; *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 50 (1st Cir.1981); *LeCompte*, 528 F.2d at 604.

Thus, to the extent the district court was concerned about the burden on appellee of a second round of litigation with appellants in a different forum, *see* Statement on Remand at 5, the appropriate step would have been to award appellee costs and fees for the work it completed and the effort it expended during the first round of litigation that would not be of use in the reinstated action. *See Taragan v. Eli Lilly and Company, Inc.*, 838 F.2d 1337, 1340 (D.C.Cir.1988); *McCants*, 781 F.2d at 859–60; *Cauley v. Wilson*, 754 F.2d 769, 772–73 (7th Cir.1985); *McLaughlin v. Cheshire*, 676 F.2d 855, 857 (D.C.Cir.1982); *GAF Corp v. Transamerica Insurance Co.*, 665 F.2d 364, 369–70 (D.C.Cir.1981). Perhaps because little if any of the work product produced or the effort expended by appellee in the first round of this litigation would be useless for the second, *see Conafay*, 793 F.2d at 353 n. 5, the district court instead relied on the prospect of future litigation to deny the motion itself. Doing so was an abuse of discretion. *See Taragan*, 838 F.2d at 1339; *Kern*, 738 F.2d 968, 970 (8th Cir.1984).

With respect to the second factor, the district court placed great emphasis on the fact that appellee submitted a summary judgment motion to the court along with its

opposition to appellants' Motion to Dismiss. *See* Statement on Remand at 3, 4–5, 7. This court, however, does not believe that the existence of this motion is relevant to the issue at hand. If the summary judgment motion had been pending when the voluntary dismissal request was made, the district court's reliance on the existence of the former motion would be more understandable. *See Andes*, 788 F.2d at 1036 (pendency of summary judgment motion one factor considered in affirming denial of voluntary dismissal motion). *But see Tyco Laboratories, Inc. v. Koppers Co.*, 627 F.2d 54, 56–57 (7th Cir.1980) (pendency of pretrial summary judgment motion does not require refusal to dismiss voluntarily). In this case, however, the sequence of events was the reverse; the summary judgment motion was not filed until after the voluntary dismissal motion.

■ Granting voluntary dismissal would mean that appellee would lose an opportunity for a favorable final disposition of the case, but that is not important as long as appellee suffers no legal prejudice from dismissal. *See, e.g., Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119 (N.D.Ga.1980); *In re Federal Election Campaign Act Litigation*, 474 F.Supp. 1051, 1052 (D.D.C.1979). Nor are the equities with appellee in this case. Because the summary judgment motion was filed after the motion for voluntary dismissal, appellee clearly took a large risk that its work would be disregarded entirely in the first round of litigation. In fact, appellee could easily have declined to oppose the motion for voluntary dismissal and saved all its summary judgment energies for the second round of litigation. Of course, there is no reason why the summary judgment motion cannot be renewed at the appropriate time in any reinstituted action.

The district court stated that it did not believe appellee should be subjected to another round of litigation if there were no factual issues in dispute and if the claims by appellants against appellee were groundless. Statement on Remand at 4. Assuming this is a legitimate consideration in the context of a motion for voluntary dismissal, it appears that the district court should have first determined whether the claims actually were baseless before denying appellants their dismissal. As it was, the court refused dismissal over a year before it actually concluded that appellee was entitled to summary judgment.

In addition to relying on the two factors discussed above, the district court held that the reasons advanced by appellants for dismissal were lacking in good faith. The court based this conclusion on the following considerations: (1) "a motion had been presented that could potentially dispose of a case that had been pending—and actively litigated—for over nine months," Statement on Remand at 3; (2) appellants knew all along of Dr. Ong's involvement in the administration of the vaccine and his unamenability to suit in federal court; (3) appellants stated in June 1983 that Dr. Ong might become a party to the suit, and later, that his deposition testimony was an important factor in their decision to request dismissal of the proceeding below so that both Dr. Ong and appellee could be named in a new suit in a different forum; (4) appellants said they could have moved for dismissal sooner if appellee had taken Dr. Ong's deposition earlier; and (5) appellants did not conduct any discovery before the motion for voluntary dismissal was denied. Statement on Remand at 3–4.

The court does not tread lightly on the district court's determination that certain litigants before it did not act in good faith. In this case, however, we do not believe that the district court's conclusion can be justified by the factors it enumerated in the Statement on Remand. First, it is clear that the summary judgment motion, filed *after* appellants made their request for voluntary dismissal, does not relate to appellants' good faith in submitting their request. Second, the fact that appellants knew Dr. Ong was the physician who prescribed and supervised the administration of the vaccine to the infant Conafay, and that they could not sue him in federal court, does not detract from the sworn statement of the adult Conafay that he did not want to sue Dr. Ong (who, at the time the complaint was filed, was still serving as

 

the pediatrician for the infant Conafay and his brother) without a legitimate basis for believing him to be liable for the infant Conafay's injuries. *See Conafay,* 793 F.2d at 352 n. 4; Appellants' Brief at 49 n. 13. Third, the fact that appellants entertained thoughts about bringing Dr. Ong into the litigation in June 1983, and the adult Conafay's statement in November 1983 that he decided to bring a claim against Dr. Ong based on Dr. Ong's deposition, demonstrates no more than appellants' growing awareness of the potential liability of Dr. Ong and the basis on which appellants finally resolved to seek redress from him.

Fourth, appellants' statement that their motion for dismissal would have come sooner if Dr. Ong had been deposed by appellee sooner appears to be merely a statement of fact which does not bear on the motives or good faith of appellants. In this regard, moreover, it should be noted that on June 20, 1983, the time when, according to the district court, appellants first recognized that Dr. Ong might be brought into the litigation, appellee noticed the deposition of Dr. Ong to be taken on July 20, 1983. For reasons which are not apparent, the deposition was not taken until September. Yet to the extent the Statement on Remand suggests that if appellants were serious about promptly deciding whether to involve Dr. Ong in the litigation, they would have taken his deposition sooner themselves, the June 20, 1983 notice demonstrates that there was no need to do so because appellee had already planned to take that deposition quickly. Finally, with respect to the fifth enumerated factor, the court may have overlooked the fact that appellants filed a first set of interrogatories on June 17, 1983, to which they received answers on August 12, 1983. Review of the record by this court, moreover, reveals no evidence that appellants were not diligent in pursuing their claims.

Reduced to its essence, this case is not a difficult one. Appellants moved for voluntary dismissal of a case not nine months old, in which extensive discovery or trial preparations had not yet taken place, before any dispositive motions were filed, and after appellants reached the conclusion that their grievances should be directed at an additional party who, if joined as a defendant in their existing case, would result in the loss of diversity jurisdiction. Most important, moreover, there will be no cognizable prejudice to appellee from voluntarily dismissing this case.

For these reasons, the court is convinced the case is an appropriate one for voluntary dismissal. The case is remanded to the district court with instructions to dismiss it without prejudice.[*]

---

[*] In view of our recent decision in *Taragan v. Eli Lilly and Company, Inc., supra,* the district court should consider the propriety of requiring or assessing costs and fees as a condition of dismissal, in which case the amount of the award should reflect only the work not of use in the reinstated action. *See Taragan,* 838 F.2d at 1340, 1341.