WESTLANDS WATER DISTRICT; San Benito County Water District, Plaintiffs–Appellants,

v.

UNITED STATES of America; Department of Interior; Bureau of Reclamation; Roger K. Patterson, Regional Director of Mid–Pacific Region; Bruce Babbitt, Secretary of the Interior, Defendants–Appellees,

and

San Joaquin River Exchange Contractors Water Authority; Friant Power Authority; Friant Water Users Authority; Chowchilla Water District; Madera Irrigation, Intervenors–Defendants–Appellees.

No. 95–17189.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 1996.

Decided Nov. 7, 1996.

Thomas W. Birmingham and William T. Chisum, Kronick, Moskovitz, Tiedemann & Girard, Sacramento, CA, for plaintiffs-appellants.

Edward J. Shawaker and Robert L. Klarquist, United States Department of Justice, Environment & Natural Resources Division, Washington, DC, for defendants-appellees.

Michael V. Sexton, Minasian, Minasian, Minasian, Spruance, Baber, Meith & Soares, Oroville, CA, for defendants-intervenors-appellees San Joaquin River Exchange Contractors Water Authority and Friant Power Authority.

Gregory K. Wilkinson, Best, Best & Krieger, Riverside, CA, for defendants-intervenors-appellees Friant Water Users Authority, Chowchilla Water District and Madera Irrigation.

* Honorable Helen Gillmor, United States District Judge for the District of Hawaii, sitting by designation.

Before BEEZER and THOMPSON, Circuit Judges, and GILLMOR,* District Judge.

DAVID R. THOMPSON, Circuit Judge:

The plaintiffs Westlands Water District and the San Benito Water District (Districts) sued the federal defendants alleging that in allocating water in the Central Valley Project in California the United States Department of Interior's Bureau of Reclamation (Bureau) violated the Districts' contract rights. Before trial, the Districts moved to voluntarily dismiss the action without prejudice. The defendants then moved for summary judgment. The district court denied the Districts' voluntary dismissal motion and granted summary judgment in favor of the defendants. The Districts appeal.

We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's denial of the Districts' motion for voluntary dismissal, vacate the district court's summary judgment in favor of the defendants, and remand to the district court with instructions to enter an order dismissing the action without prejudice. We also direct the district court to consider whether costs and attorney fees should be imposed as a condition of dismissal, and if so, in what amount.

## FACTS AND PROCEEDINGS

This case arises out of the Districts' challenge to the Bureau's allocation of water for water-year 1994.

The Districts previously challenged the Bureau's allocation of water for water-years 1992 and 1993. *See Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 669 (9th Cir. 1993) *(Westlands I); Westlands Water Dist. v. United States,* 850 F.Supp. 1388, 1393 (E.D.Cal.1994) *(Westlands II).* In *Westlands I,* we considered the Districts' challenge to the 1992 allocation and rejected the Districts' interpretation of their contracts with the Bu-

nation.

reau. *See id.* at 676. We stated, however, that the Districts "should not be foreclosed from arguing in a future suit that the Bureau has violated its contractual obligations to apportion water as required by the Westlands and San Benito contracts." *Id.* at 677 n. 8. The Districts presented that argument in this case.

On March 9, 1994, five days after they filed their complaint, the Districts moved for a preliminary injunction. On August 23, 1994, the district court denied the motion. *See Westlands Water Dist. v. Patterson,* 864 F.Supp. 1536, 1551–52 (E.D.Cal.1994) (*Westlands III (Preliminary Injunction)*).

During November 1994, the Districts attempted, without success, to obtain a stipulation from the defendants for dismissal of this action without prejudice. On December 23, 1994, the Districts moved for voluntary dismissal without prejudice. On January 9, 1995, the defendants moved for summary judgment. The district court denied the Districts' motion for voluntary dismissal and granted the defendants' motions for summary judgment. *See Westlands Water Dist. v. Patterson,* 900 F.Supp. 1304, 1312, 1324 (E.D.Cal.1995) (*Westlands III (Summary Judgment)*). This appeal followed.[1]

## ANALYSIS

█ Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time. *See* Fed.R.Civ.P. 41(a)(2); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.,* 889 F.2d 919, 921 (9th Cir.1989). When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Hyde & Drath v. Baker,* 24 F.3d 1162, 1169 (9th Cir.1994); *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir.1982).

█ "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs.,* 889 F.2d at 921. The district court abuses its discretion when "it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *United States v. Rahm,* 993 F.2d 1405, 1410 (9th Cir.1993).

█ Here, the district court cited three factors in support of its denial of the Districts' motion for dismissal without prejudice: uncertainty which would remain if the case were not litigated and the parties' contentions resolved; delay by the Districts in prosecuting the case and moving for dismissal; and substantial expense which had been incurred by the defendants in defending the action. We discuss each of these factors in turn.

Relying on *Paulucci v. City of Duluth,* 826 F.2d 780 (8th Cir.1987), the district court concluded that voluntary dismissal was not appropriate due to the "[u]ncertainty over water rights" which would remain following a dismissal without prejudice. *Westlands III (Summary Judgment),* 900 F.Supp. at 1311.

█ The defendants submitted evidence to establish that continued uncertainty over water rights, created by the specter of future litigation over the proper apportionment of water, could serve as a "deterrent for long-term agricultural investment" and could adversely affect the financial viability of the defendant-intervenors. *Id.* Although we cannot say the district court's factual findings to this effect are erroneous, the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice. *See Hyde & Drath,* 24 F.3d at 1169; *Hamilton,* 679 F.2d at 145; *see also American Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir.1991); *Conafay v. Wyeth Laboratories,* 841 F.2d 417, 419 (D.C.Cir.1988) (per curiam); *Kotzen v. Le-*

---

1. Although water-year 1994, which is the subject matter of the Districts' complaint, has ended, this appeal is not moot because the Districts sought a declaratory judgment concerning the meaning of their contracts' language and a permanent injunction concerning proper apportionment of water between the Districts and the Exchange Contractor–Intervenors. *See Northwest Envtl. Defense Center v. Gordon,* 849 F.2d 1241, 1244–45 (9th Cir.1988).

*vine,* 678 F.2d 140, 140 (11th Cir.1982) (per curiam); *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976); 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2364, at 279–80 (2d ed.1994); *cf. Paulucci,* 826 F.2d at 783.

In *Paulucci,* the Eighth Circuit affirmed the denial of a motion for dismissal without prejudice brought by plaintiffs who had alleged that the City of Duluth had taken their property for a nonpublic use in violation of the plaintiffs' Fifth and Fourteenth Amendment rights. *Paulucci,* 826 F.2d at 781. The Eighth Circuit recognized that "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Id.* at 782 (citations omitted). The court then stated, however, that the denial of the plaintiffs' motion to dismiss was justified because "future litigation asserting [plaintiffs'] claim would generate uncertainty about the title to the land and possibly jeopardize the development of the project." *Id.* at 783.

We decline to adopt the Eighth Circuit's analysis in *Paulucci.* Although case law does not articulate a precise definition of "legal prejudice," the cases focus on the rights and defenses available to a defendant in future litigation. *See* 5 James W. Moore, Moore's Federal Practice ¶ 41.05[1] nn. 51–53 and cases cited.

For example, in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense. *See American Nat'l Bank & Trust Co.,* 931 F.2d at 1412; *Manshack v. Southwestern Elec. Power Co.,* 915 F.2d 172, 174 (5th Cir.1990); *Templeton v. Nedlloyd Lines,* 901 F.2d 1273, 1276 (5th Cir.1990); *Davis v. USX Corp.,* 819 F.2d 1270, 1276 (4th Cir.1987); *Schroeder v. Int'l Airport Inn Partnership (In re Int'l Airport Inn Partnership),* 517 F.2d 510, 512 (9th Cir.1975) (per curiam).

In this circuit, we have stated that a district court properly identified legal prejudice when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud. *See Hyde & Drath,* 24 F.3d at 1169.

We conclude that legal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice.

The second factor relied upon by the district court in denying the Districts' motion to dismiss was that, in its view, the Districts were dilatory in prosecuting the case and seeking a dismissal. *Westlands III (Summary Judgment),* 900 F.Supp. at 1312. We disagree. The Districts moved for a preliminary injunction five days after they filed their complaint and they attempted to obtain a stipulated dismissal without prejudice within three months after the district court denied their motion for a preliminary injunction. Within a month after those efforts failed, and before the defendants filed their motions for summary judgment, the Districts filed their motion for voluntary dismissal without prejudice. The Districts could have sought dismissal sooner than they did, but they were not dilatory.

■ Lastly, the district court relied on the fact that the defendants had incurred substantial expense in litigating the present lawsuit. *Westlands III (Summary Judgment),* 900 F.Supp. at 1312. We have explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice. *See Hamilton,* 679 F.2d at 146. The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees. *See* Fed.R.Civ.P. 41(a)(2); *Hamilton,* 679 F.2d at 146. Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory however. *Stevedoring Servs.,* 889 F.2d at 921.

■ Here, if the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims. *Koch v. Hankins,* 8 F.3d 650, 652 (9th Cir.1993); *Davis,* 819 F.2d at 1276. The district court also may

wish to delete any award of costs and fees attributable to the defendants' summary judgment motions, if the court concludes those costs and fees might have been avoided if the defendants had waited to file their summary judgment motions and responded initially to the Districts' motion for voluntary dismissal. In the words of the D.C. Circuit, "[b]ecause the summary judgment motion was filed after the motion for voluntary dismissal, [defendants] clearly took a large risk that [their] work would be disregarded entirely in the first round of litigation." *Conafay*, 841 F.2d at 420.

Because the district court denied the Districts' motion for voluntary dismissal, it did not consider imposing costs and fees as a condition of dismissal. Accordingly, we remand to the district court for a determination whether costs and attorney fees should be imposed as a condition of the dismissal without prejudice and, if so, in what amount.

## CONCLUSION

We reverse the district court's denial of the Districts' motion to dismiss without prejudice and we remand for further proceedings. In light of our reversal of the district court's judgment on the Districts' motion to dismiss without prejudice, we vacate and do not reach the merits of the district court's summary judgment in favor of the defendants.

REVERSED and REMANDED.