**PIEDMONT RESOLUTION, L.L.C., Plaintiff,**

v.

**JOHNSTON, RIVLIN & FOLEY, et al., Defendants.**

No. CA 96–1605(PJA).

United States District Court, District of Columbia.

March 13, 1998.

Eugene M. Propper, Washington, DC, for Plaintiff.

David Durbin, Pamela Bresnahan, Steven Becker, Paul J. Maloney, John T. May, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

ATTRIDGE, United States Magistrate Judge.

This matter is before the Court on a motion by the plaintiff, Piedmont Resolution, for voluntary dismissal pursuant to FED.R.CIV.P. 41(a)(2), and on several motions for summary judgment by the defendants, all but one of which were filed *after* the pending motion to dismiss.[1]

Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before a U.S. Magistrate Judge for all purposes, including the entry of final judgment. Upon consideration of the motion, oppositions, supplemental motion and supplemental oppositions and the applicable law, and for the reasons explained below, the Court concludes that, in its discretion, it shall grant the voluntary dismissal

without prejudice provided the plaintiff agrees to pay defendants' fees and costs.

## I. Procedural History

There is a multitude of defendants to this cause of action: (1) Johnston, Rivlin & Foley; (2) Lewis Rivlin; (3) Rivlin, P.C.; (4) Robert Foley; (5) Foley, P.C.; (6) Robert Johnston; (7) Johnston, P.C.; (8) Anne Taylor; (9) Mark Westerfield; (10) Westerfield, P.C.; (11) Jamil Zouaoui; (12) Zouaoui, P.C.; (13) Robert Harrison; and (14) First National Bank of Maryland [FNB]. The "partners"[2] have brought third-party actions against C.P. Jones, Deerfield Holding Co., Inc., Alf Thornton, Anglo Associates, Ltd., Executive Firm Services, Linda Flores, John Does 1–5, and John Doe Corporations 1–5. None of the third party defendants has answered the third party complaint or participated in this action; it appears only two have been served.

On February 10, 1997, Piedmont Resolution moved the Court for leave to amend its complaint pursuant to FED.R.CIV.P. 15, to add two defendants—Ernest Reigel and his law firm, Moore & Van Allen, and to add counts of gross negligence against defendants Rivlin, P.C., Rivlin; Johnston, Rivlin & Foley; Foley, P.C.; Foley; Johnston; Johnston, P.C.; Taylor; Westerfield; Westerfield, P.C.; Zouaoui, Zouaoui, P.C.; Harrison; and FNB [mot. to amend.(# 63) at 5, n. 5 (Rivlin, P.C. was not named, but its inclusion was presumed by the defendant, which filed an opposition)]. Defendants Foley, Foley, P.C., Johnston, Johnston, P.C., Westerfield, Westerfield, P.C., Zouaoui, Zouaoui, P.C., Harri-

---

1. First National Bank of Maryland's voluminous motion for summary judgment [# 73] has been addressed in a separate memorandum opinion and order filed concurrently with this memorandum opinion and order. The Court considered FNB's motion because it was filed prior to the motion for voluntary dismissal and because FNB's involvement in the disputed transaction was minimal and its benefit from the transaction, $36, was such a paltry sum compared to the anticipated $900,000 per week for 40 international bank weeks by the plaintiff [see FNB mot. for sj, exh. 5], and the potential $500,000 by defendants Rivlin and his law firm, Johnston, Rivlin & Foley [FNB mot. for sj, exh. 16 at 71]. The Court believed that, if indeed the claim against FNB was baseless, FNB should not be subjected to another round of litigation. *See*

*Conafay v. Wyeth Labs.*, 841 F.2d 417, 420 (D.C.Cir.1988)("The district court stated that it did not believe appellee should be subjected to another round of litigation if there was no factual issues in dispute and if the claims by appellants against appellee were groundless...Assuming this is a legitimate consideration in the context of a motion for voluntary dismissal, it appears that the district court should have first determined whether the claims actually were baseless before denying appellants their dismissal.").

2. The Court uses the term "partners" figuratively rather than literally, recognizing that some defendants dispute that they were partners of Johnston, Rivlin & Foley at the time of the transactions giving rise to this cause of action.

son,[3] Rivlin, Rivlin, P.C. and Taylor consented to the addition of the two defendants by amended complaint; FNB, however, opposed the motion on the ground that diversity jurisdiction would be destroyed.

On March 11, 1997, defendant FNB filed its motion for summary judgment. On March 14, 1997, the Court granted in part and denied in a part Piedmont's motion to amend, granting leave to add the additional count of gross negligence against the defendants named above, but denying leave to add Reigel and Moore & Van Allen as party defendants. Residents of North Carolina, the two additional defendants were not indispensable parties and would have destroyed diversity. [See March 11, 1997 Mem. Order].

Two days later Piedmont moved for voluntary dismissal without prejudice of the complaint pursuant to FED.R.CIV.P. 41(a)(2), stating that it intends to refile in Superior Court for the District of Columbia and to name as additional defendants Reigel and his law firm. Soon thereafter, on March 24, 1997 (a deadline set by the December 23, 1996 scheduling order), the remainder of the defendants began filing their summary judgment motions. Four motions were filed: (1) by Anne T. Taylor; (2) by Foley, Johnston, Westerfield, Zouaoui and Zouaoui, P.C.;[4] (3) by Foley, Foley, P.C., Johnston, Johnston, P.C., Westerfield, Westerfield, P.C., Zouaoui, Zouaoui, P.C. and Harrison; and (4) by Rivlin, Rivlin, P.C., and Taylor. The defendants never requested a modification of the dispositive motion deadline in light of the then-pending motion to dismiss, despite the fact that the Court had previously granted, for good cause shown, two motions to amend the scheduling order that was originally entered on October 1, 1996, and granted several motions for extensions of time.

On April 4, 1997, the Court conducted a telephone conference call with counsel for the above-noted parties (excluding the third party defendants). With respect to the motion to dismiss, the Court expressed concern about prejudice to the new defendants as well as the existing defendants—particularly in terms of expense, because discovery, which took place throughout this country and in England, had closed. The Court indicated it would consider the summary judgment motions, and then consider the motion to dismiss. The parties, during the conference call, sought additional time to oppose and reply to the pending summary judgment motions, thus the Court directed the parties to meet and confer, and establish a briefing schedule, which was approved by the Court on April 17, 1997. Prior to the parties' submission of the stipulated schedule, Piedmont filed a supplement to its motion for leave to dismiss. Defendants FNB, Foley, Foley, P.C., Johnston, Johnston, P.C., Westerfield, Westerfield, P.C., Zouaoui, Zouaoui, P.C. and Harrison responded to the supplement, again opposing dismissal. Rivlin, Rivlin, P.C., Johnston, Rivlin & Foley, and Taylor did not further respond.

## II. Analysis: FED.R.CIV.P. 41(a)(2)

"[T]he purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the defendant." *In re Leonard*, 112 B.R. 67, 72 (Bankr.D.Conn.1990)(citing *Conafay v. Wyeth Labs.*, 841 F.2d 417, 419 (D.C.Cir.1988))[*Conafay II*]. The Rule provides in pertinent part:

"**(a) Voluntary Dismissal: Effect Thereof**

* * * **(2) By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper... Unless otherwise specified in the

**3.** It appears the opposition filed by the preceding defendants, although received in Chambers, was never docketed in the Court jacket; thus, the Court will direct the Clerk's office to file a copy of "Defendants' Robert Matthew Foley, Robert Olin Johnston, Mark G. Westerfield, Jamil Zouaoui, Jamil Zouaoui, P.C., and Robert Scott Harrison's Response to Plaintiff's Motion to Amend Complaint."

**4.** It also appears that this motion was not docketed by the Clerk's office; thus, the Court will direct the Clerk to docket "Defendants' Robert Matthew Foley, Robert Olin Johnston, Mark G. Westerfield, Jamil Zouaoui, and Jamil Zouaoui, PC's Motion for Summary Judgment". The opposition to this motion is docket entry no. 108, and the reply is docket entry no. 114.

order, a dismissal under this paragraph is without prejudice."

FED.R.CIV.P. 41(a)(2). Thus, in a court's sound discretion, it may dismiss at any time an action without prejudice upon a motion by the plaintiff and subject to "such terms and conditions as the court deems proper". FED. R.CIV.P. 41(a)(2); *accord Westlands Water District v. United States,* 100 F.3d 94, 96 (9th Cir.1996); *In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colorado,* 720 F.Supp. 1505, 1525 (D.Colo.1989)(citing *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 473 (7th Cir.1988)).

■ Courts generally grant voluntary dismissals "unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical advantage." *Conafay v. Wyeth Labs.,* 793 F.2d 350, 353 (D.C.Cir.1986) (citations omitted)[*Conafay I* ]. Thus, prior to dismissing Piedmont's action, the Court must determine whether the multiple defendants will suffer *legal prejudice*—"prejudice to some legal interest, some legal claim, [or] some legal argument" if the dismissal were granted. *Westlands Water District,* 100 F.3d at 97; *accord Conafay II,* 841 F.2d at 419 (citing cases).

*Legal prejudice* includes "effort and expense in preparing for trial, excessive delay and lack of diligence in prosecuting the action, insufficient explanation for taking nonsuit, and the filing of motions for summary judgment." *In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colorado,* 720 F.Supp. at 1525 (citing *Kovalic,* 855 F.2d at 474 and *Citizens Savings Ass'n v. Franciscus,* 120 F.R.D. 22, 25 (M.D.Pa.1988)); *accord Tyco Labs., Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir.1980). The Ninth Circuit describes legal prejudice as "when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud." *Westlands Water District,* 100 F.3d at 97 (citing *Hyde & Drath v. Baker,* 24 F.3d 1162, 1169 (9th Cir.1994)).

■ Having previously consented to the addition of Reigel and Moore & Van Allen as party defendants, the defendants oppose the motion to dismiss strictly on the grounds that they now would be prejudiced because their summary judgment motions are pending. [*See* opps. (docket nos.) 86, 87 88, 97 & 105 ]. With the exception of FNB's motion, however, all of the summary judgment motions were filed after Piedmont filed its motion for voluntary dismissal. After carefully reviewing the law with respect to FED.R.CIV.P. 41(a)(2), it is abundantly clear that the pendency of summary judgment motions alone is insufficient grounds for denying a motion to dismiss where, as here, the plaintiff has not been dilatory in bringing its motion. *In re Air Crash Disaster,* 720 F.Supp. at 1525 (citing *Conafay II,* 841 F.2d at 420, "Motions for summary judgment filed after the motion for voluntary dismissal are insufficient to support a finding of prejudice.").

■ Having decided FNB's motion for summary, which was filed prior to the motion to dismiss and whose participation in the transaction in dispute was more tangential than the remaining defendants [*see* footnote 1 *supra* ], the Court concludes that, in its sound discretion, it must grant the motion to dismiss without prejudice. It appears the defendants will suffer no legal prejudice, and in fact, their defenses will be enhanced by the participation of Reigel and his law firm. *See Westlands Water District,* 100 F.3d at 97 ("Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation.") As Piedmont pointed out in its original motion and which the defendants have not denied, defense counsel has represented that they intend to "place those acts and omissions [of Reigel and his firm] at issue in this case, and . . . it would not be fair for Plaintiff to have to proceed in this Court without the presence of Reigel and his law firm as Defendants." [mot. at 2]. The Court agrees.

■ However, the dismissal shall be contingent on Piedmont's agreement to pay the defendants' fees and costs. Although the fact that the defendants may have incurred substantial expense prior to the dismissal does not amount to legal prejudice, *Westlands Water District,* 100 F.3d at 97 (citing *Hamilton v. Firestone Tire & Rubber Co.,* .

*Inc.,* 679 F.2d 143, 146 (9th Cir.1982)), "[t]he burdens of relitigation are appropriately cured by conditioning dismissal on the payment of costs for work and effort incurred in the first case that would not be of use in the second." *In re Air Crash Disaster,* 720 F.Supp. at 1525 (citing, e.g., *Conafay II,* 841 F.2d at 419); *see also Taragan v. Eli Lilly and Co., Inc.,* 838 F.2d 1337, 1340 (D.C.Cir. 1988)(" 'Good faith ... is simply irrelevant to an award of attorneys' fees... under Rule 41(a)(2)...[T]he purpose of the rule is to protect defendants from undue prejudice or inconvenience caused by a plaintiff's premature dismissal'... Moreover, the relative wealth of plaintiff and defendant is irrelevant to the determination of the propriety of a fee condition.", quoting *GAF Corp. v. Transamerica Ins. Co.,* 665 F.2d 364, 369 (D.C.Cir. 1981), and citing *Kern v. TXO Prod. Corp.,* 738 F.2d 968, 972 (8th Cir.1984)).

Piedmont, of course, has a choice of accepting the condition, or withdrawing its dismissal motion and proceedings on the merits of the case. *GAF Corp.,* 665 F.2d at 367–368. Should Piedmont accept the condition, the defendants shall "only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Westlands Water District,* 100 F.3d at 97–98 (citations omitted); *accord Taragan,* 838 F.2d at 1340 (citing *GAF Corp.,* 665 F.2d at 369–370).

 Here, the Court finds the costs associated with the summary judgment motions will not be awarded as the motions can be used in the Superior Court. Moreover, the parties knew as early as February 10, 1997, that Piedmont desired to name Reigel and his law firm as party defendants. Obviously recognizing the rationale (and perhaps an advantage to themselves) the defendants (except FNB) were willing to consent, ignoring the fact that their presence would destroy diversity. Thus, the Court concludes that the costs associated with the summary judgment motions could have been avoided. *See Westlands Water District,* 100 F.3d at 97–98 (citing *Conafay II,* 841 F.2d at 420, "The district court also may wish to delete any award of costs and fees attributable to the defendants' summary judgment motions, if the court concludes those costs and fees

might have been avoided if the defendants had waited to file their summary judgment motions and responded initially to the...motion for voluntary dismissal.").

## III. Conclusion

Upon consideration of the plaintiff's, Piedmont Resolution's, motion for voluntary dismissal without prejudice, the defendants' oppositions, supplemental motion, supplemental oppositions, the entire record, and the applicable law, and for the reasons the reasons stated, the Court concludes that the plaintiff's motion for voluntary dismissal without prejudice shall be granted provided the plaintiff agrees to pay the defendants' costs and fees for work that cannot be used in the D.C. Superior Court action.