# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 16, 2012       Decided March 30, 2012

No. 09-5253

JAMES KELLMER, DERIVATIVELY ON BEHALF OF FANNIE
MAE, A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION,
APPELLANT

v.

FRANKLIN D. RAINES, ET AL.,
APPELLEES

———

Consolidated with 09-7073, 10-5390, 10-5395, 10-5423,
10-5424

———

Appeals from the United States District Court
for the District of Columbia
(No. 1:07-cv-01173)

———

*Matthew E. Miller* argued the cause for appellants James
Kellmer, et al. On the briefs was *Jonathan W. Cuneo*. *Robert
J. Cynkar*, *David W. Stanley*, and *William H. Anderson*
entered appearances.

*Howard N. Cayne* argued the cause for appellee/appellant
Federal Housing Finance Agency. With him on the brief was
*David B. Bergman*. *Joseph J. Aronica* and *David A. Felt*,

Attorney, Federal Housing Finance Agency, entered appearances.

*Richard Miles Clark* argued the cause for appellees Franklin D. Raines, et al. On the brief were *Kevin M. Downey*, *Joseph M. Terry*, *Steven M. Salky*, *Eric R. Delinsky*, *James D. Wareham*, *James E. Anklam*, and *David S. Krakoff*. *Holly A. Pal* and *Alex G. Romain* entered appearances.

Before: ROGERS, TATEL, and BROWN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: For the second time, we have before us a shareholder derivative suit flowing from the Fannie Mae accounting debacle. The district court entered three orders now on appeal. It substituted Fannie Mae's conservator, the Federal Housing Finance Agency (FHFA), for plaintiff shareholders—an order we now affirm. It denied FHFA's motion for voluntary dismissal—an order we now reverse and remand with instructions to dismiss the complaint without prejudice. Finally, it granted Fannie Mae's motion to dismiss on the grounds of claim preclusion—an order we now vacate as moot.

## I.

After Fannie Mae announced one of the largest corporate earnings restatements in history, several shareholders filed a derivative suit on behalf of the company, alleging (among other things) that the company's directors had failed to prevent the accounting irregularities. For reasons having nothing to do with the issues before us today, the district court dismissed that suit, and we affirmed in *Pirelli Armstrong Tire*

*Corp. Retiree Medical Benefits Trust v. Raines*, 534 F.3d 779 (D.C. Cir. 2008).

Setting the stage for this appeal, one of those shareholders, James Kellmer, together with several others, including Arthur Middleton and L. Jay Agnes, filed new derivative actions, again asserting claims against the company's directors regarding the accounting irregularities. The district court consolidated all three actions. Fannie Mae, citing *Pirelli* and joined by several directors, then moved to dismiss *Kellmer v. Raines* on the ground of claim preclusion. It moved to dismiss *Middleton v. Raines* for lack of standing, but never moved to dismiss the third case, *Agnes v. Raines*.

In the meantime, Congress passed the Housing and Economic Recovery Act of 2008 (HERA), establishing a new federal housing agency, FHFA, that became Fannie Mae's conservator. FHFA intervened in all three actions and moved to substitute itself for the shareholders, arguing that HERA endowed it with sole authority to litigate claims belonging to Fannie Mae. The district court agreed and granted the motion. *In re Fannie Mae*, MDL No. 1668, No. 08-1093, slip. op. at 6 (D.D.C. June 25, 2010). Then, FHFA, explaining that it needed more time to evaluate whether proceeding with the suit would further the conservatorship's statutory purposes, moved for voluntary dismissal without prejudice or, in the alternative, for a 180-day stay of the litigation. The district court denied the motion in *Kellmer* and *Middleton*, but granted it in *Agnes*. *In re Fannie Mae*, MDL No. 1668, No. 07-1173, slip. op. at 23 (D.D.C. July 27, 2010) ("*Kellmer*"); *In re Fannie Mae*, MDL No. 1668, No. 07-1221, slip. op. at 18 (D.D.C. July 27, 2010) ("*Middleton*"); *In re Fannie Mae*, MDL No. 1668, No. 08-1093, slip. op. at 7 ("*Agnes*") (D.D.C. July 27, 2010). Finding Kellmer's claims precluded by *Pirelli*, the district court then granted Fannie Mae's motion to dismiss

the *Kellmer* action with prejudice. *See Kellmer*, No. 07-1173, slip. op. at 23. The district court also granted Fannie Mae's motion to dismiss the *Middleton* action with prejudice for lack of standing. *See Middleton*, No. 07-1221, slip. op. at 18.

The losing parties now appeal. Shareholders Kellmer and Agnes (but not Middleton) appeal the substitution order. FHFA appeals the denial of its motion for voluntary dismissal without prejudice and argues that Fannie Mae's motions to dismiss with prejudice should have been denied as moot. Shareholder Kellmer appeals the district court's dismissal of his case with prejudice.

**II.**

We begin with Kellmer and Agnes's challenge to the district court's order substituting FHFA as plaintiff. The district court held that under HERA, only FHFA could pursue a derivative action against Fannie Mae's directors. *In re Fannie Mae*, No. 08-1093, slip. op. at 6. Challenging this decision, shareholders argue that where, as here, the conservator has yet to commit to the litigation or take other action, nothing in HERA deprives them of their common law right to maintain a derivative action. We review this question of law de novo. *See United States v. Cook*, 594 F.3d 883, 886 (D.C. Cir. 2010).

Shareholders make many arguments, delving deep into pre-HERA common law and expounding HERA's legislative history. But to resolve this issue, we need only heed Professor Frankfurter's timeless advice: " '(1) Read the statute; (2) read the statute; (3) read the statute!' " *See* Henry J. Friendly, *Mr. Justice Frankfurter and the Reading of Statutes*, *in* Benchmarks 196, 202 (1967). HERA provides that FHFA "shall, as conservator or receiver, and by operation of law,

immediately succeed to . . . all rights, titles, powers, and privileges . . . of any stockholder." 12 U.S.C. § 4617(b)(2)(A). This language plainly transfers shareholders' ability to bring derivative suits—a "right[], title[], power[], [or] privilege[]"—to FHFA. The Fourth Circuit has reached the same conclusion, *La. Mun. Police Emps. Ret. Sys. v. FHFA*, 434 F. App'x 188, 191 (4th Cir. 2011) (per curiam), as have all three circuits to have interpreted HERA's predecessor, the Financial Institutions Reform Recovery and Enforcement Act of 1989 (FIRREA), which contains virtually identical language, *see* 12 U.S.C. § 1821(d)(2)(A) (FDIC "shall, as conservator or receiver, and by operation of law, succeed to . . . all rights, titles, powers, and privileges . . . of any stockholder"). All of these courts have found that, absent a manifest conflict of interest by the conservator not at issue here, the statutory language bars shareholder derivative actions. *See Lubin v. Skow*, 382 F. App'x 866, 871 (11th Cir. 2010) (per curiam); *Pareto v. FDIC*, 139 F.3d 696, 700–01 (9th Cir. 1998); *see also First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1295 (Fed. Cir. 1999) ("as a general proposition, the FDIC's statutory receivership authority [under FIRREA] includes the right to control the prosecution of legal claims on behalf of the insured depository institution now in its receivership"). Indeed, we ourselves so held in *Pirelli*, albeit in an unpublished order having only "persuasive authority," *In re Grant*, 635 F.3d 1227, 1232 (D.C. Cir. 2011). *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, No. 07-7108 (D.C. Cir. Dec. 24, 2008) (order granting FHFA's motion to substitute itself in place of shareholder derivative plaintiffs).

Undaunted, shareholders contend that the ability to sue derivatively survives HERA because "the ability to assert [the corporation's] rights in a derivative action is not a legal 'right' at all—it is an 'equitable remedy.' " Shareholders' Br. 33. But

regardless of its origins, a shareholder's ability to sue derivatively given certain conditions is fairly described as a "right[]" or "power[]" of owning stock. In any event, as the Ninth Circuit explained with respect to FIRREA, "Congress also covered privileges just to be sure that nothing was missed. . . . Congress has transferred everything it could to the [conservator], and that includes a stockholder's right, power, or privilege to demand corporate action or to sue directors or others when action is not forthcoming." *Pareto*, 139 F.3d at 700; *see also In re Freddie Mac*, 643 F. Supp. 2d 790, 795 n.11 (E.D. Va. 2009) (rejecting as unpersuasive plaintiffs' "assert[ion] that the ability to bring a derivative suit is not a right, but an equitable remedy"), *aff'd*, *La. Mun. Police Emps. Ret. Sys.*, 434 F. App'x 188.

We turn next to FHFA's challenge to the district court's denial of its motions for voluntary dismissal without prejudice in *Kellmer* and *Middleton*. Our review is for abuse of discretion. *See New Mexico ex rel. Energy & Minerals Dep't v. Dep't of the Interior*, 820 F.2d 441, 443 (D.C. Cir. 1987). "[B]y definition," a district court "abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996). That, according to FHFA, is exactly what happened here, and we agree.

In order to deny a motion for voluntary dismissal, a district court "must find that dismissal will inflict clear legal prejudice on a defendant." *Conafay v. Wyeth Labs.*, 841 F.2d 417, 419 (D.C. Cir. 1988) ("*Conafay II*") (per curiam) (holding that district court abused its discretion in denying plaintiff's motion for voluntary dismissal). Here, the district court found that voluntary dismissal would "deprive [directors] of their reasonable expectation in a resolution of their pending" motions to dismiss. *Kellmer*, No. 07-1173, slip. op. at 15; *Middleton*, No. 07-1221, slip. op. at 14. To be sure,

granting voluntary dismissal would deprive directors of an opportunity for a favorable final disposition. But "los[ing] an opportunity for a favorable final disposition of the case . . . is not important as long as [defendant] suffers no legal prejudice from dismissal." *Conafay II*, 841 F.2d at 420. And in this case, directors suffered no legal prejudice whatsoever. Were FHFA to refile its complaint following a voluntary dismissal, directors' argument for dismissing the case with prejudice, based on the purely legal ground of claim preclusion, would remain fully available. *See Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986) ("*Conafay I*") ("In federal practice, voluntary dismissals sought in good faith are ordinarily granted if the only harm suffered by the defendant is the expense of preparing a responsive pleading, since he can be made whole if dismissal is conditioned upon reimbursement by the plaintiff." (internal quotation marks omitted)).

Directors argue that the district court acted within its discretion because it also gave significant weight to FHFA's "less-than-compelling explanation," *Kellmer*, No. 07-1173, slip. op. at 15; *Middleton*, No. 07-1221, slip. op. at 13, in reaching its decision. Not so. The district court itself made clear that the pendency of Fannie Mae's motion to dismiss was dispositive: despite FHFA's purportedly weak explanation, the district court granted its motion for voluntary dismissal in *Agnes*, different from *Kellmer* and *Middleton* only in that no motion to dismiss with prejudice was pending. *See Agnes*, No. 08-1093, slip. op. at 4 & n.3 ("this case is different from *Kellmer* . . . and *Middleton*" in that "no dispositive motions have been filed"). In any event, directors' arguments about the weakness of FHFA's explanation are irrelevant given that they have failed to show legal prejudice. *See Conafay II*, 841 F.2d at 419.

Because we conclude that the district court should have dismissed *Kellmer* and *Middleton* without prejudice, we agree with FHFA that Fannie Mae's motion to dismiss should have been denied as moot. We thus have no occasion to reach the merits of the claim preclusion question.

### III.

We affirm the district court's substitution of FHFA in place of shareholders in *Kellmer* and *Agnes*; reverse its denial of FHFA's motion for voluntary dismissal in *Kellmer* and *Middleton*, and remand with instructions to dismiss these actions without prejudice; and vacate as moot the order granting Fannie Mae's motions to dismiss *Kellmer* and *Middleton*.

*So ordered.*