UNITED STATES of America,
Appellee,

v.

PROJECT ON GOVERNMENT
OVERSIGHT, Appellee.

Robert A. Berman, Appellant.

No. 13–5037.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 18, 2014.

Rehearing En Banc Denied
Sept. 29, 2014.

Jeffrica Jenkins Lee, Esquire, DOJ Appellate Counsel, Stuart F. Delery, Michael S. Raab, U.S. Department of Justice, Ronald C. Machen, Jr., Esquire, U.S. Attorney's Office, Washington, DC, for Appellee.

Robert A. Berman, Vienna, VA, pro se.

BEFORE: ROGERS, KAVANAUGH, and WILKINS, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing, and the motion for judicial notice, it is

**ORDERED** that the motion for judicial notice be granted. *See Veg–Mix, Inc. v. U.S. Dep't of Agric.,* 832 F.2d 601, 607 (D.C.Cir.1987) ("Courts may take judicial notice of official court records...."). It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders filed March 21, 2012, and January 29, 2013, be affirmed. The district court correctly determined that appellant breached his fiduciary duty. *See United States v. Carter,* 217 U.S. 286, 306, 30 S.Ct. 515, 54 L.Ed. 769 (1910); *United States v. Kearns,* 595 F.2d 729, 734 (D.C.Cir.1978). Appellant's agreement with the Project on Government Oversight and his subsequent acceptance of a payment from the organization, without personally disclosing them to anyone at the agency where he worked, and during the time that he performed work related to the organization's qui tam litigation, at the very least constituted a violation of 5 C.F.R. § 2635.101(b)(14), which requires employees to "avoid any actions creating the appearance that they are violating the law or the ethical standards" set forth in the regulations. *See* 5 C.F.R. §§ 2635.101(b)(2) ("Employees shall not hold financial interests that conflict with the conscientious performance of duty."); (b)(4) ("An employee shall not ... solicit or accept any gift or other item of monetary value from any person or entity seeking official action from, doing business with, or conducting activities regulated by the employee's agency, or whose interests may be substantially affected by the performance or nonperformance of the employee's duties.").

Appellant has not shown that the district court erred in ordering him to disgorge the entire amount of the payment. He has not explained why he did not renew his argument for a lesser penalty in district court following this court's remand, and in any event he has not presented evidence that payment of the full amount would be punitive, *see SEC v. First City Fin. Corp.,* 890 F.2d 1215, 1231 (D.C.Cir.1989). Nor has he shown clear and convincing evidence of government misconduct during the trials. *See Shepherd v. Am. Broad. Cos.,* 62 F.3d 1469, 1472 (D.C.Cir.1995).

Appellant's arguments concerning the criminal investigation are either irrelevant or forfeit. See *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 835 (D.C.Cir.2001) (discussing how the court has "repeatedly held that an argument first made in a reply brief ordinarily comes too late for our consideration."). Finally, the district court did not abuse its discretion in dismissing two remaining counts of the complaint without prejudice in the absence of a showing of clear legal prejudice. *Kellmer v. Raines,* 674 F.3d 848, 851 (D.C.Cir.2012).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.