Benjamin CHAMBERS, Plaintiff,

v.

Gerhard A. GESELL, Defendant.

Civ. A. No. 87–1622.

United States District Court,
District of Columbia.

Jan. 21, 1988.

Benjamin Chambers, pro se.

Nathan Dodell, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

Plaintiff Benjamin Chambers initiated this action against the Honorable Gerhard A. Gesell, a federal district court judge, on June 15, 1987 alleging that his First and Fifth Amendment rights had been violated when Judge Gesell dismissed and refused to reinstate *Benjamin Chambers v. James A. Finney,* C.A. 86–2965, a civil action previously brought by plaintiff and dismissed by Judge Oberdorfer on February 27, 1987 [available on WESTLAW, 1987 WL 8714].[1] When Judge Gesell declined to reinstate the earlier action, plaintiff filed the instant suit against him.

---

1. We take judicial notice of this and prior related proceedings. The record in *Chambers v. Finney,* C.A. No. 86–2965, presented a constitutional challenge to the conduct of the defendant, James A. Finney, Administrator, Rules and Remedies, of the Bureau of Prisons. Subsequently, plaintiff added Judge Oberdorfer as a party defendant in *Chambers v. Carlson,* C.A.

No. 87–0393. Judge Oberdorfer accordingly recused himself from C.A. No. 86–2965 and the case was reassigned to Judge Gesell. The *Carlson* case, *supra,* was subsequently dismissed by Judge Frederic N. Smalkin, sitting by designation, as "a baseless, frivolous and malicious exercise in litigative harassment." Memorandum Opinion at 3 (D.D.C. June 16, 1987).

Presently before us are defendant's motion to dismiss with prejudice, and plaintiff's motion to dismiss without prejudice.[2] As both parties agree that this action should be dismissed, the sole issue before us is whether it should be dismissed with or without prejudice.

*Discussion*

## I. Plaintiff's Motion to Dismiss Without Prejudice [3]

### A. *Fed.R.Civ.P. 41(a)(1)*

■ Pursuant to Fed.R.Civ.P. 41(a)(1), a plaintiff may voluntarily dismiss an action without an order of the court by filing a notice of dismissal at any time prior to the filing of an "answer or of a motion for summary judgment." In this case, no answer or formal motion for summary judgment has been filed. Defendant has, however, submitted materials outside of the pleadings to be considered in conjunction with his motion. Accordingly, defendant argues that a dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a) would be inappropriate at this stage in the proceedings, because his motion to dismiss would be treated as a motion for summary judgment in accordance with Fed.R.Civ.P. 12.

The key issue before us then is whether the filing of a Fed.R.Civ.P. 12(b)(6) motion to dismiss with prejudice which may be converted into a motion for summary judgment constitutes a summary judgment motion within the meaning of Rule 41. We believe that for the purpose of Rule 41(a)(1), a converted Rule 12(b)(6) motion to dismiss is properly to be treated as a motion for summary judgment. *See Exxon Corp. v. Maryland Casualty Company,* 599 F.2d 659, 661 (5th Cir.1979). *See also* 9 C. Wright and A. Miller, *Federal Practice & Procedure: Civil* § 2363 at 155 (1971). Any other result would be to exalt form over substance. Accordingly, because defendant's Rule 12(b)(6) motion relies on matters outside of the pleadings, we conclude that plaintiff no longer has an unconditional right to withdraw his complaint without prejudice.[4]

### B. *Fed.R.Civ.P. 41(a)(2)*

■ As noted above, once an answer or a motion for summary judgment has been served, a plaintiff no longer has a *right* to dismissal without prejudice, and unless all of the parties involved stipulate to dismissal, a plaintiff who wishes to dismiss must obtain an order of the court to do so. *See* Fed.R.Civ.P. 41(a)(2).

After consideration of the briefs filed in this case, and the record as a whole, we hold that plaintiff's motion to dismiss without prejudice should be denied. We recognize that, as a general matter, dismissal without prejudice under Rule 41(a)(2) is to be granted unless a defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage. *Conafay v. Wyeth Laboratories,* 793 F.2d 350, 353 (D.C.Cir.1986). *See also* 9 C. Wright & A. Miller, *supra,* § 2364 at

2. *Defendant filed his motion to dismiss on October 9, 1987. On November 2, 1987, plaintiff moved for an extension of time in which to respond to defendant's motion, asserting that he had belatedly received defendant's papers. On November 6, 1987 we issued an order granting plaintiff's request for an extension of time in which to respond up to and including November 20, 1987. No opposition was forthcoming. On December 24, 1987, defendant filed a "Response to Plaintiff's Motion to Dismiss Without Prejudice." No underlying motion to dismiss without prejudice had been filed with the court. Plaintiff is a pro se litigant. Accordingly, to ensure that plaintiff's position was adequately considered, we entered a copy of plaintiff's motion into the record by fiat.*

3. *It is unclear from plaintiff's filing whether he intended his papers to be a notice of dismissal,* or a motion for Fed.R.Civ.P. 41(a)(2) dismissal without prejudice. While we are inclined to treat it as the former, because defendant addresses it as a notice of filing, we will consider plaintiff's request for dismissal without prejudice under both the Fed.R.Civ.P. 41(a)(1) and (2) provisions.

4. We note that "the plain language of Rule 12(b) permits *only* a 12(b)(6) motion to be converted into a motion for summary judgment." *Edward Haase v. William Sessions, Director of FBI,* 835 F.2d 902 (D.C.Cir.1987) (original emphasis). Thus, although defendant has presented several grounds for dismissal of this suit, only defendant's motion to dismiss for failure to state a claim defeats plaintiff's right to voluntary dismissal under Fed.R.Civ.P. 41(a)(1).

165. In the context of this case, however, we are satisfied that a grant of plaintiff's motion would be inappropriate, even at this early stage in the proceedings.

 In reaching this conclusion we are compelled to recognize that plaintiff's underlying claims are barred by the doctrine of judicial immunity. The principles underlying this established doctrine suggest that the existence of judicial immunity, an absolute defense, is appropriately considered in determining whether to allow a plaintiff to dismiss a suit without prejudice, after the time for doing so as of right has expired. As has often been expressed, the principle of judicial immunity is designed in large part so that judges may "act upon [their] convictions, without apprehension of personal consequences ..." *Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed. 646 (1871). It has been noted that "the purpose of ... *absolute immunity* is to relieve those enjoying it from even the burden of having to defend their conduct before the court." *Miller v. Johnson*, 541 F.Supp. 1165, 1177 (D.D.C.1982). Thus, while as a general proposition the prospect of a second lawsuit alone may not be reason enough to deny a plaintiff's motion for dismissal without prejudice, we find that given the underlying concerns at play here, such a prospect is reason enough.[5] Accordingly, we deny plaintiff's motion to dismiss this action without prejudice.

## II. Defendant's Motion to Dismiss

 We now turn to the merits of defendant's motion to dismiss. We need not reach each of the several grounds for dismissal presented, because a major defect exists which convinces us that plaintiff's claim is fundamentally and fatally flawed. Plaintiff's present complaint challenges judicial conduct performed by Judge Gesell within the latter's jurisdiction as the judge duly assigned to plaintiff's case against *Finney*. As such, Judge Gesell is entitled to judicial immunity, and this case must be dismissed for failure to state a claim. *See Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir.1981); *Clark v. Taylor*, 627 F.2d 284, 286 (D.C.Cir.1980); *Miller v. Johnson*, 541 F.Supp. 1165, 1177 (D.D.C. 1982).[6]

In accordance with the foregoing, it is by the court this 20th day of January, 1988

ORDERED that this case be dismissed with prejudice for failure to state a claim on which relief may be granted.

---

5. *See supra* n. 1.

6. The principle of judicial immunity is well established and requires no elaborate citation of authority. *Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed. 646 (1871); *Randall v. Brigham*, 7 Wall. 523, 535, 19 L.Ed. 285 (1868); *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Accordingly, a judge will not be deprived of immunity because the action he took "was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. at 356, 98 S.Ct. at 1105. Instead, a judge is only subject to liability when he acts in "clear absence of all jurisdiction." *Id.* at 357, 98 S.Ct. at 1104. Judge Gesell possessed federal question jurisdiction over the matter before him in *Finney, supra*. In addition, the acts performed by Judge Gesell were clearly of a judicial character, and thus entitled to protection. *Forrester v. White*, — U.S. —, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). Thus, the principle of judicial immunity is applicable to the case at hand.