Marion G. **ROBERTSON**, Plaintiff,

v.

Paul N. **McCLOSKEY**, Jr., Defendant.

Civ. A. No. 86–2877.

United States District Court,
District of Columbia.

March 1, 1988.

Douglas V. Rigler, Kaplan, Russin & Vecchi, Washington, D.C., for plaintiff.

George A. Lehner, Sloan, Lehner & Ruiz, and Roger C. Spaeder, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, D.C., for defendant.

ORDER

JOYCE HENS GREEN, District Judge.

On May 15, 1987, plaintiff filed his 26(b)(4) statement for his damages expert, Claudine Malone. After taking Malone's deposition on January 25, 1988, defendant has now moved in limine to exclude her testimony at trial. This motion came ripe for decision six days ago. For the reasons set forth below, defendant's motion will be granted.

Ms. Malone, a financial and management consultant and director of several large corporations, is also a business school president and professor. If permitted to testify, she would express her opinion on the amount of compensatory damages that plaintiff has suffered to his present and future income in three specific areas: as a religious broadcaster and broadcast medium personality, as an author and as a public speaker and lecturer. To arrive at her opinion, Malone examined, among other things, plaintiff's tax returns for the years

---

from 1980 to 1985, a royalty statement for 1986 and contracts for books plaintiff has written and information relating to the offer of honoraria and/or expenses reimbursement covering requests for the plaintiff's past speaking engagements. Using these materials, she has provided a range of damages that plaintiff can be expected to sustain in each category in one year.[1]

Although defendant attacks Ms. Malone's proposed testimony on several fronts, it is unnecessary to discuss each because one compelling ground exists for exclusion of her testimony. At her deposition, Ms. Malone readily admitted that, when calculating the amount of plaintiff's damages, she simply *assumed* that plaintiff's future earning capacity had been damaged and that the alleged libels in this lawsuit caused that harm. It is well-settled, however, that a party seeking damages for loss of earning capacity must affirmatively prove both the fact and the cause of harm as a prerequisite to recovery.[2] As defendant observes, this is typically done through expert testimony.

Yet, here, plaintiff concedes that

Ms. Malone has admittedly relied, in part, on certain assumed facts (*i.e.*, that plaintiff has been injured, which upon a showing of actual malice may be presumed—*Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 540 (7th Cir.1982), *cert. denied*, 459 U.S. 1226 [103 S.Ct. 1233, 75 L.Ed.2d 467] (1983)) and hypotheticals (*i.e.*, that plaintiff will continue in the professions of broadcast personality, author and lecturer). Reliance on presumed facts and hypotheticals is proper by an expert.

Opposition at 9. In short, plaintiff contends, without proffering any affirmative evidence that would establish the fact or cause of his special damages, that Malone's testimony should be admitted because injury to a libel plaintiff may be *presumed* when actual malice has been proved. *See* Opposition at 9. Plaintiff's contention is only partially correct, however, and incorrect as to the instant issue.

■ A successful libel plaintiff can recover three types of damages—nominal, compensatory or punitive. Compensatory damages (the type at issue here) may be further subdivided into general and special damages. General damages compensate a plaintiff for harm to his reputation or emotional well-being, *see* Restatement (Second) of Torts § 621 comment a (1977); special damages, on the other hand, are awarded for losses of an economic or pecuniary nature. *See id.* § 575 comment b.

At common law, general damages could be "presumed" in a case of libel or slander *per se*: that is, they could be awarded without any proof of actual injury to the plaintiff. *See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 760–61, 105 S.Ct. 2939, 2946–47, 86 L.Ed.2d 593 (1985). In *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), however, the Supreme Court restricted a libel plaintiff's ability to recover presumed damages and held that they could only be recovered upon "a showing of knowledge of falsity or reckless disregard for the truth." *Id.* 418 U.S. at 349, 94 S.Ct. at 3011. Seizing on this holding, plaintiff contends that, because he will prove that defendant acted with actual malice, harm to his future earnings capacity may be presumed and Claudine Malone should be allowed to testify at trial.

■ Plaintiff's argument must be rejected, as he misperceives the nature of presumed damages. The common law only allowed a presumption of harm with respect to general damages, *not* special dam-

---

**1.** Malone also projected these totals over a five-year period, multiplying by five in order to reach that result.

**2.** *See* Restatement (Second) of Torts § 906(b) (1977) ("Compensatory damages *that will not be awarded without proof of pecuniary loss* include compensation for ... harm to earning capacity") (emphasis added); *id.* comment a ("The recovery of damages for pecuniary harm is restricted by the rules as to causation ... and,

unlike recovery for bodily harm and emotional distress, is subject to more or less definite standards of certainty"). *See also W.G. Cornell Co. v. Ceramic Coating Co.*, 626 F.2d 990, 994 (D.C. Cir.1980) ("establishing the fact of damages is the responsibility of plaintiff"); *Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 926 (2d Cir.1977) ("the existence of damage must be certain" before the amount may be determined).

ages; with respect to the latter, specific evidence demonstrating the financial harm resulting from the libel is required before compensation for economic harm can be awarded.[3] Moreover, in *Gertz*, Justice Powell recognized that damages may be presumed only for noneconomic, general damages, and not for pecuniary, special damages:

> The common law of defamation is an oddity of tort law, for it allows recovery of purportedly compensatory damages without evidence of actual loss. Under the traditional rules pertaining to actions for libel, the existence of injury is presumed from the fact of publication. Juries may award substantial sums of money *as compensation for supposed damage to reputation* without any proof that such harm actually occurred.

418 U.S. at 349, 94 S.Ct. at 3011 (emphasis added). Finally, plaintiff's citation to a subsequent decision, *Gertz v. Robert Welch, Inc.*, 680 F.2d 527 (7th Cir.1982), *cert. denied*, 459 U.S. 1226, 103 S.Ct. 1233, 75 L.Ed.2d 467 (1983), does not aid his cause. There, the Seventh Circuit upheld an award of presumed damages without proof of actual injury because there had been evidence of actual malice. *See* 680 F.2d at 540. That case is inapposite, however, because the plaintiff sought to recover for the "severe mental distress, anxiety and embarassment" that resulted from the libel. *Id.* Those harms are classic examples of general damages but are clearly not the types of monetary injuries that plaintiff alleges in the instant case.

In conclusion, plaintiff may not rely on a showing of actual malice in order to prove his allegation of special damages to his future earnings capacity. Plaintiff's expert must therefore be excluded from testifying at trial. Should plaintiff succeed in proving actual malice, however, nothing in this Order precludes him from obtaining compensatory damages for harm to his reputation or punitive damages to penalize defendant for the libels that he allegedly committed.

Accordingly, for the reasons noted above, it is

ORDERED that defendant's motion in limine seeking to exclude the testimony of Claudine Malone at trial be and it hereby is granted.

---

**3.** *See, e.g.,* 1 Cooley, *The Law of Torts* § 164 (4th ed. 1932) ("Special damages may be recovered as a branch of actual damages when actual pecuniary loss has been sustained and the same is specially pleaded and proved"); Restatement § 621 comment a ("If special harm is shown, damages for it may also be recovered"); 2 Harper, James & Gray, *The Law of Torts* § 5.30 at 257 (2d ed. 1986) ("Any monetary or pecuniary loss *attributable to the lowered reputation of the plaintiff* is special damage") (emphasis added); Dobbs, *Remedies* 520 (1973) ("Special damages *may be proven* ...") (emphasis added).

In discussing special harm, section 575 of the Restatement offers several examples clearly indicating that such harm may not be assumed, but must be proved. *See* comment b, Illustrations ("It is proved that in consequence of this statement B has lost Catholic customers"; "It is proved that this statement induces B to break off employment negotiations with C"; "It is proved that this statement induces B to withdraw an invitation that he has previously extended to C to accompany him, at his expense, on an extended voyage").