conspiracy who are not employees of the Department of Defense. Finally, she argues that there is no heightened pleading requirement in the civil rights laws requiring plaintiff to allege with particularity a conspiracy at this stage in the proceedings.

The Court finds plaintiff's last two arguments persuasive. In her amended complaint, plaintiff does allege that others may have been involved in the alleged conspiracy and plaintiff does not have to plead all the details of the conspiracy at this stage in the proceedings.

For the reasons articulated, the Court denies individual defendants' motion to dismiss Count IV as to plaintiff's claim under § 1985(2).

## IV. *Conclusion*

For the foregoing reasons, it is hereby

**ORDERED** that defendant Executive Office of the President's Motion to Dismiss Count I is **GRANTED**; it is

**FURTHER ORDERED** that final judgment be entered for the Executive Office of the President and against plaintiff as to Count I; it is

**FURTHER ORDERED** that Count II against defendant FBI is **DISMISSED without prejudice** pending resolution of the class certification issue in *Alexander v. FBI*, No. 96–2123 (D.D.C. filed Sept. 12, 1996); it is

**FURTHER ORDERED** that defendants' Expedited Motion for Protective Order and Extension of Time on Behalf of the Executive Office of the President and the Federal Bureau of Investigation [53–1] [53–2] and Executive Office of the President's Expedited Motion for Protective Order and Extension of Time [95–1] [95–2] are **DENIED** as moot; it is

**FURTHER ORDERED** that the government's Motion to Substitute the United States as the sole defendant and to dismiss Count V is **DENIED without prejudice** pending a brief period of discovery and briefing limited to the substitution issue; it is

**FURTHER ORDERED** that individual defendants' Motion to Dismiss as to Count V [20–1] is **DENIED without prejudice** pending determination of the substitution issue; it is

**FURTHER ORDERED** that individual defendants' Motion to Dismiss as to Count IV [20–1] is **DENIED without prejudice** as to plaintiff's claim under § 1985(2). Plaintiff may not proceed with a claim under § 1985(1) or directly under the Civil Rights Act of 1871; it is

**FURTHER ORDERED** that the government's Motion to Strike John and Jane Does from the caption in this case is **GRANTED**. John and Jane Doe, numbers 1–99, are stricken from the caption in this case without prejudice; it is

**FURTHER ORDERED** that plaintiff's Motion for Protective Order [105–1] concerning the DOD's discovery requests is **DENIED**. Discovery in this case will not be bifurcated. Plaintiff shall respond to DOD's discovery requests by no later than **May 4, 2001**; it is

**FURTHER ORDERED** that the parties are directed to meet, confer, attempt to agree on, and file with the Court an appropriate discovery plan by no later than **May 4, 2001**; it is

**FURTHER ORDERED** that a status hearing is scheduled for **May 18, 2001** at 10:00 a.m. in Courtroom 1.

**IT IS SO ORDERED.**

Heather COLLINS, Plaintiff,

v.

BAXTER HEALTHCARE CORPORATION, et al., Defendants.

CIV. A. No. 97–2784(RWR).

United States District Court, District of Columbia.

May 14, 2001.

### MEMORANDUM AND ORDER

ROBERTS, District Judge.

Plaintiff has moved for voluntary dismissal of this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendant Baxter Healthcare Corporation ("Baxter") has opposed plaintiff's motion, asking that plaintiff's case be dismissed with prejudice. In the alternative, Baxter asks that if plaintiff is allowed to dismiss this case without prejudice, plaintiff be required to pay defendant's fees and costs incurred in litigating this matter.

"[T]o justify the denial of a motion for voluntary dismissal, a district court must find that dismissal will inflict clear legal prejudice on a defendant." *Conafay v. Wyeth Labs.*, 841 F.2d 417, 419 (D.C.Cir.1988). Here, Baxter has argued that it has expended resources in litigating and mediating this case, and that it would be inconvenienced if plaintiff refiled her claims after dismissing this action. That disadvantage to Baxter, however, does not constitute a showing of clear legal prejudice. *Id.* Therefore, I will grant plaintiff's motion for voluntary dismissal.

The parties disagree on whether the dismissal should be with or without prejudice. Rule 41(a)(2) prohibits a plaintiff from dismissing an action in which an answer has been filed, as is true here, except with court approval "and upon such terms and conditions as the court deems proper." Fed. R.Civ.P. 41(a)(2). The purpose of Rule 41(a)(2) is to protect a defendant from undue prejudice or inconvenience from plaintiff's voluntary dismissal. *See GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 369 (D.C.Cir.1981). Plaintiff had asked that Baxter waive her applicable statute of limitations for five years in return for plaintiff's voluntary dismissal without prejudice. Although Baxter declined, the clear import of plaintiff's request was that plaintiff anticipated refiling her claims in the future. Thus, Baxter likely will have to incur expenses in litigating this matter a second time. This "kind of disadvantage can be taken care of by a condition that plaintiff pay to defendant its costs and expenses incurred in the first action." *Cona-*

*fay,* 841 F.2d at 419. Such costs and fees must be limited to those that defendant incurred in the initial litigation for work that cannot be used in future litigation or other pending litigation of plaintiff's claims. *See id.; GAF Corp.,* 665 F.2d at 369. Thus, this action will be dismissed without prejudice on the condition that plaintiff pay an amount that may be warranted to cover defendant's expenses in this case. If plaintiff fails to comply with this condition, the dismissal will become one with prejudice.

Since Baxter has not specified what fees and costs it has incurred on work that cannot be used in any future litigation of plaintiff's claims, it is hereby

ORDERED that Baxter file on or before, 2001, a detailed statement itemizing its costs and fees incurred in litigating this case for work that cannot be used in future litigation of plaintiff's claims, along with supporting documentation including, but not limited to, billing statements and time sheets. *See Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir. 1985). Plaintiff may file a response to Baxter's submission on or before, 2001. If plaintiff prefers to withdraw her motion to dismiss in light of the payment condition that will be imposed upon the dismissal, she must do so in this response. Baxter may file a reply to plaintiff's response on or before, 2001. It is further

ORDERED that this case be, and hereby is, referred to a Magistrate Judge for a Report and Recommendation on what appropriate fees and/or costs could be awarded to Baxter in this case. This Court will enter a final order of dismissal after reviewing the Report and Recommendation.

SIGNED this day of, 2001.