MACSPECIALISTS, INC., dba
Hireknowledge, Plaintiff,

v.

EMERGO CONSULTANTS, LLC, Benjamin Cadbury, and Christopher Knott, Defendants.

No. CIV. 00–02710(RJL).

United States District Court,
District of Columbia.

July 9, 2002.

Philip Tucker Evans, Holland & Knight, LLP, Washington, DC, Stacey P. Nakasian, Duffy & Sweeney, Ltd., Providence, RI, for Plaintiff.

Steven K. Fedder, Piper Rudnick, LLP, Baltimore, MD, for Defendants.

*Order*

LEON, District Judge.

Plaintiff seeks to dismiss with prejudice its suit by filing a motion to dismiss which includes as a condition that each side bear its own costs. Defendants agree to the dismissal but oppose the condition, claiming that they qualify as a "prevailing party" under *Federal Rules of Civil Procedure 54(d)* and are therefore entitled to the taxable costs which they have incurred.

For the reasons set forth by the Court in *Robertson v. McCloskey*, No. 86–2877, 1988 WL 23255, at *4–6 (D.D.C. March 4, 1988),[1] it is hereby

ORDERED that plaintiff's motion to dismiss with prejudice is granted on the condition that plaintiff pay defendants' taxable costs in accordance with *Fed.R.Civ.P. 54(d)* and *Local Civil Rule 54.1.*

It is further ORDERED that plaintiff shall inform the Court in writing no later than 5:00pm on July 12, 2002, whether it accepts this condition.

If it does, the Court will promptly issue an order dismissing this case with prejudice on that condition and require the defendants to submit to the Clerk for taxation of costs an itemized list of costs pursuant to *Fed. R.Civ.P. 54(d)* and *Local Civil Rule 54.1* within 20 days of the Order dismissing this case.

If the plaintiff does not accept the dismissal of this case on that condition, the case shall proceed and the plaintiff's response to the defendants' motion for summary judgment shall be filed with this Court by no later than July 20, 2002.

1. *See also Cantrell v. International Brotherhood of Electrical Workers,* 69 F.3d 456, 457–59 (10th Cir.1995).