Guy D. ROBINSON, Plaintiff,

v.

Gordon R. ENGLAND, Defendant.

Civil Action No. 02–0676 (RMU).

United States District Court,
District of Columbia.

June 24, 2003.

Guy D. Robinson, Camden, NJ, pro se.

Robin M. Earnest, U.S. Attorney's Office, Civil Division, Washington, DC, Michael A. Krasnow, U.S. Attorney's Office, Washington, DC, for Defendant.

### *MEMORANDUM ORDER*

URBINA, District Judge.

#### GRANTING THE PLAINTIFF'S MOTION TO DISMISS

This civil-rights action comes before the court on the *pro se* plaintiff's motion to dismiss his case.[1] On April 9, 2002, Guy Robinson ("the plaintiff") filed a complaint against his employer, the Secretary of the Navy ("the defendant"), claiming employment discrimination. On September 13, 2002, the defendant filed a motion to dismiss, or, in the alternative, for summary judgment. On October 10, 2002, the court issued an order directing the plaintiff to respond to the defendant's motion by October 30, 2002 or face the possibility of the court granting the motion. On December 2, 2002, the plaintiff responded with an opposition to the defendant's motion accompanied by a separate motion to dismiss his case. To date, the defendant has not filed a response to the plaintiff's motion to dismiss.

 Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of an action. FED.R.CIV.P. 41(a)(1). Under Rule 41(a)(1), a plaintiff may dismiss a civil action without an order of the court by filing a notice of dismissal before the adverse party files an answer or motion for summary judgment, or by filing a stipulation of dismissal signed by all parties. *Id.; Swift v. United States*, 318 F.3d 250, 252 (D.C.Cir.2003). Otherwise, under Rule 41(a)(2), "an action

---

1. The *pro se* plaintiff styles his motion as a "motion to withdraw" his case. Pl.'s Mot. at 1. For the sake of clarity, and to track the language of Rule 41(a)(2), the court refers to the motion as a "motion to dismiss."

shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED.R.CIV.P. 41(a)(2); *Taragan v. Eli Lilly & Co., Inc.*, 838 F.2d 1337, 1339 (D.C.Cir.1988). Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C.Cir.1986); *see also* 9 FED. PRAC. & PROC. CIV.2D § 2364. · A court applying Rule 41(a)(2) therefore must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant "legal prejudice" based on factors such as the defendant's trial preparation efforts, any excessive delay or lack of diligence by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit, and the filing of motions for summary judgment by the defendant. *In re Vitamins Antitrust Litigation*, 198 F.R.D. 296, 304 (D.D.C.2000).

In this case, because the defendant has filed an alternative motion for summary judgment, and has not stipulated to the dismissal, Rule 41(a)(1) does not apply. *Cf. Lodge No. 5 of the Fraternal Order of Police v. City of Phila.*, 1995 WL 596162, at *1 (E.D.Pa. Oct.5, 1995) (applying Rule 41(a)(1) because the defendants' motions to dismiss "seek dismissal only, and not summary judgment in the alternative"); *Robertson v. McCloskey*, 1988 WL 23255, at *1 (D.D.C. Mar.4, 1988) (noting that the defendant had not consented to the plaintiff's motion). Instead, Rule 41(a)(2) controls. *Robertson*, 1988 WL 23255, at *1.

■ Applying the Rule 41(a)(2) considerations here, the court concludes that there is no indication that the plaintiff is acting in bad faith or that the defendant has suffered legal prejudice. *In re Vitamins*, 198 F.R.D. at 304. The circumstances do not demonstrate bad faith. *Id.* The *pro se* plaintiff prosecuted his action in a relatively straightforward manner, and now states simply that he is "unable to find suitable Counsel and continue this action" for financial reasons.

Pl.'s Mot. at 1; *cf. In re Vitamins*, 198 F.R.D. at 304 (finding indications of bad faith where the plaintiffs' dismissal motion arose from their effort to avoid discovery). As for legal prejudice, the plaintiff did not engage in excessive delay and has provided a sufficient explanation for his dismissal motion. Pl.'s Mot. at 1. In addition, at this stage of the proceedings, the defendant has not engaged in trial preparation. Finally, although the defendant filed a dispositive motion, the pendency of that motion alone is not grounds for denying the plaintiff's dismissal motion. *Piedmont Resolution, L.L.C. v. Johnston, Rivlin & Foley*, 178 F.R.D. 328, 331 (D.D.C. 1998). In sum, the court concludes that dismissal under Rule 41(a)(2) is merited. *Conafay*, 793 F.2d at 353.

Accordingly, it is this 24th day of June, 2003, hereby

**ORDERED** that the plaintiff's motion [# 5] to dismiss his case is **GRANTED.**

**SO ORDERED.**