Robert GOSSARD, Plaintiff,

v.

WASHINGTON GAS LIGHT CO., Defendant.

No. CIV.A. 1:02CV00833 (RBW).

United States District Court, District of Columbia.

Aug. 5, 2003.

James Robert Klimaski, Klimaski & Grill, P.C., Washington, DC, for Plaintiff.

Larry Edward Funk, Washington Gas Light Company, Washington, DC, for Defendant.

### MEMORANDUM OPINION

WALTON, District Judge.

#### I.  Background

Currently before the Court is Plaintiff's Motion to Dismiss [# 32], filed by plaintiff on

May 12, 2003, in which plaintiff seeks the voluntary dismissal of this action "with each party to bear its own costs."  Plaintiff's Motion to Dismiss ("Pl.'s Mot.") at 1. Plaintiff states the reason he is seeking to have this matter dismissed is because discovery "has established that it is not in his interest to continue the case."  *Id.*

Defendant has filed an opposition to plaintiff's motion to dismiss in which it argues that the Court should deny the motion and instead grant defendant's supplemental motion for summary judgment[1] which was filed by the defendant on April 10, 2003, or, alternatively, dismiss this action with prejudice and award defendant "its reasonable attorney's fees for having to litigate what can now be unquestionably recognized as a frivolous lawsuit by plaintiff."  Washington Gas Light Company's Response to Plaintiff's Motion to Dismiss ("Def.'s Opp'n") at 1. Defendant posits that the current lawsuit is "part of a pattern of meritless litigation by plaintiff against Washington Gas." *Id.* ¶ 7.[2] Defendant contends that "[p]laintiff's tactics, in this, his latest action, have caused legal prejudice to Washington Gas[ ]" because the defendant has filed a motion for summary judgment and plaintiff has failed to adequately justify the reason for his willingness to dismiss his action.  *Id.* ¶ 9. Thus, defendant argues, to mitigate any prejudice to it, summary judgment should be entered in its favor, or alternatively, this action should be dismissed with prejudice.  *Id.* ¶¶ 11–12.  If, on the other

1.  Defendant filed a motion for summary judgment on May 23, 2002.  Thereafter, on July 25, 2002, the Court granted plaintiff's motion for leave to file an amended complaint and defendant filed a motion for summary judgment directed at the amended complaint on July 30, 2002.  This motion became ripe on August 9, 2002.  The Court denied defendant's motion without prejudice at the status conference held on January 16, 2003.  At that time, and in the order subsequently issued in accordance with the Court's oral rulings, the Court informed defendant that it could file a supplement reinstating its motion for summary judgment after limited discovery was completed.  After the close of limited discovery on April 4, 2003, defendant filed its supplement reinstating its motion for summary judgment on April 10, 2003.  Plaintiff filed a motion to extend the time in which he could file a response to the motion, which the Court grant-

ed.  However, in lieu of filing an opposition to defendant's motion for summary judgment, plaintiff filed the dismissal motion, which is currently before the Court.

2.  On this point, defendant asserts that plaintiff previously filed a lawsuit against defendant on March 27, 2000, in the Circuit Court for Prince George's county, Maryland, but plaintiff never served the complaint and dismissed that action on April 30, 2002, two days prior to filing the instant action.  Def.'s Opp'n ¶ 8. In addition, on November 16, 2001, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in which he alleged that the defendant had discriminated against him on the basis of a disability and had retaliated against him;  that charge was dismissed by the EEOC on January 7, 2002.  *Id.*

hand, the Court is inclined to grant plaintiff's motion, defendant requests that the Court award defendant its attorney's fees to compensate it for filing its supplemental motion to dismiss which it would not have filed if "plaintiff [had] not waited almost two months to take a nonsuit on litigation he now concedes he knew was meritless after the last deposition." *Id.* ¶ 12.

In plaintiff's reply,[3] he argues that "[t]he filing of a motion for summary judgment alone is not sufficient to warrant denying a voluntary dismissal." Plaintiff's Response [sic] to Washington Gas Light Company's Response to Plaintiff's Motion to Dismiss ("Pl.'s Reply") at 2. Plaintiff posits that there would be no "clear legal prejudice" to Washington Gas if the Court grants plaintiff's motion for voluntary dismissal. *Id.* at 3. Furthermore, plaintiff argues that he filed his motion to dismiss as soon as "all the facts ... show[ed] [that] it was not in his interest to continue the case." *Id.* at 2.[4]

## II. Analysis

Plaintiff's voluntary dismissal falls under Federal Rule of Civil Procedure 41(a). Pursuant to this rule:

(1) ... [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or ...

(2) ... Except as provided in paragraph (1) of this subdivision of this rule, *an action shall not be dismissed at the plaintiff's instance save upon order of the court*

*and upon such terms and conditions as the court deems proper.*

(emphasis added). Here, because defendant has filed a motion for summary judgment, plaintiff's dismissal, if it is granted, would be subject to the requirements of subsection (a)(2) of Rule 41. Voluntary dismissals pursuant to Rule 41(a)(2) should be granted in a way that "protect[s] ... defendant[s] from undue prejudice or inconvenience from plaintiff's voluntary dismissal." *Collins v. Baxter Healthcare Corp.,* 200 F.R.D. 151, 152 (D.D.C.2001) (citation omitted). Accordingly, the court may impose "such terms and conditions" as it "deems proper" when granting a plaintiff's motion for voluntary dismissal. Fed.R.Civ.P. 41(a)(2). As the District of Columbia Circuit Court has stated,

[t]he purpose of the 'terms and conditions' clause is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal.... Attorneys' fees and costs are commonly awarded as one such 'term and condition' for a voluntary dismissal, for those costs were undertaken unnecessarily in such a case.

*GAF Corp. v. Transamerica Ins. Co.,* 665 F.2d 364, 367 (D.C.Cir.1981). The court should only deny a plaintiff's motion for voluntary dismissal it if finds that "dismissal will inflict clear legal prejudice on a defendant.' " *Collins,* 200 F.R.D. at 152 (quoting *Conafay v. Wyeth Labs.,* 841 F.2d 417, 419 (D.C.Cir.1988)). "*Legal prejudice* includes 'effort and expense in preparing for trial, excessive delay and lack of diligence in prosecuting the action, insufficient explanation for taking nonsuit, and the filing of motions for summary judgment.' " *Piedmont Reso-*

---

**3.** The parties have departed from normal procedure in the filing of their pleadings. Plaintiff mistakenly titled his reply to defendant's opposition a "response." Typically once a motion is filed, the opposing party is entitled to file a response in opposition, and thereafter the moving party may file a reply. *See* LCvR 7.1. However, it appears in this case that because plaintiff titled what in effect was his reply to defendant's response as a response, defendant took the liberty of filing a reply to plaintiff's response, although in actuality, defendant's reply was a surreply, which cannot be filed absent leave of Court and therefore it will not be considered.

**4.** Plaintiff argues that in fact defendant's litigation strategy of filing a motion for summary judgment prior to discovery resulted in delaying plaintiff's receipt of discovery and delayed the discovery of information that would have alerted plaintiff to the fact that it would not be in his interests to pursue this matter. Pl.'s Reply at 3. For example, plaintiff alleges that he "was never told prior to [the filing of defendant's] Motion for Summary Judgment that he had been reinstated as an inactive employee and was thus able to continue accruing pension service credits." *Id.* at 4.

*lution L.L.C. v. Johnston, Rivlin & Foley,* 178 F.R.D. 328, 331 (D.D.C.1998) (citations omitted) (emphasis in original). However, the pendency of a motion for summary judgment is not sufficient reason, standing alone, to deny a plaintiff's motion for voluntary dismissal. *Robinson v. England,* 216 F.R.D. 17, 18 (D.D.C.2003) (citation omitted); *Piedmont,* 178 F.R.D. at 331 ("[I]t is abundantly clear that the pendency of summary judgment motions alone is insufficient grounds for denying a motion to dismiss where ... the plaintiff has not been dilatory in bringing its motion.") (citations omitted).

In a case analogous to the present situation, and cited by both parties, the District of Columbia Circuit affirmed a district court's grant of attorney's fees to a defendant that had filed its motion for summary judgment prior to the plaintiff filing its motion for voluntary dismissal. *GAF Corp.,* 665 F.2d at 367. In *GAF Corp.,* the plaintiff had filed an action in district court seeking a declaration that three insurance companies were obligated to defend and indemnify it in numerous tort suits related to asbestos exposure. *Id.* at 365. One of the defendant insurance companies, Transamerica, filed a motion for summary judgment. *Id.* at 366. Approximately five months after the motion was filed, and in lieu of responding to the motion for summary judgment, GAF filed its own motion seeking dismissal of its action because it agreed with one of the other defendants that an indispensable party had not been joined in the lawsuit and could not be joined in the District of Columbia without depriving the district court of jurisdiction. *Id.* GAF subsequently filed its action against the insurers in state court. *Id.* The court granted GAF's motion and dismissed the case without prejudice, with each party bearing its own costs. *Id.* Transamerica appealed this decision and GAF filed a motion for summary affirmance, which the court of appeals granted, noting that its grant of summary affirmance to GAF in no way prejudiced Transamerica's right to move for attorney's fees in the district court. *Id.* at 367. Thereafter, Transamerica moved for attorney's fees in district court, and the court awarded it $37,258.75 in attorney's fees and $1,579.43 in costs. *Id.* GAF appealed

this award and the denial of its motion for reconsideration of the award of attorney's fees based on newly discovered evidence. *Id.*

On appeal, the circuit court affirmed the district court's grant of attorney's fees and remanded the matter to the district court for a determination regarding whether the expenses Transamerica had been awarded encompassed work product that would be useful to it in the state court action that plaintiff had filed. *Id.* at 369. An award of those expenses, the court noted, "would amount to a windfall to Transamerica [because] [ ][t]he issues in the California state proceeding [were] closely related to those that were in dispute in this action ...." *Id.* However, the Court rejected GAF's argument that no expenses were warranted because of GAF's "good faith in seeking a prompt dismissal ...." *Id.* The court stated that

[g]ood faith ... is simply irrelevant to an award of attorneys' fees or the imposition of any other 'terms and conditions' under Rule 41(a)(2).... [T]he purpose of the rule is to protect defendants from undue prejudice or inconvenience caused by a plaintiff's premature dismissal. No matter how conscientious and diligent GAF may have been, Transamerica suffered some costs by defending this action in the District of Columbia before it was moved elsewhere, and Transamerica is entitled to such reimbursement of those costs as the court may order.

*Id. See also Conafay v. Wyeth Labs.,* 793 F.2d 350, 353 (D.C.Cir.1986) ("In federal practice, voluntary dismissals sought in good faith are ordinarily granted if the only harm suffered by the defendant is the expense of preparing a responsive pleading, *since 'he can be made whole if dismissal is conditioned upon reimbursement by the plaintiff.'* ") (citation omitted) (emphasis added).

■ The Court finds the reasoning of *GAF Corp.* persuasive. Here, the defendant incurred the expenditure of unnecessary time and expense to file its supplement to the motion for summary judgment and should therefore be reimbursed for the expenses

related to that effort.[5] However, the Court finds that reimbursement of all the costs incurred by the defendant to defend against this action is unwarranted. The Court reaches this conclusion because it denied defendant's initial motion for summary judgment, having determined that some discovery was warranted before the motion could be addressed. Thereafter, the parties engaged in discovery, which resulted in plaintiff's discovery of information that revealed to him that it was not in his interest to pursue his claims. However, plaintiff's motion to dismiss this action was not filed until after the defendant had already filed its supplement to its motion for summary judgment. Therefore, defendant should be reimbursed for the costs pertaining to the filing of the supplement to its motion for summary judgment, as it would not have incurred those expenses had plaintiff moved for dismissal earlier.[6] *See Collins*, 200 F.R.D. at 153 (granting plaintiff's motion for voluntary dismissal "without prejudice on the condition that plaintiff pay an amount that may be warranted to cover defendant's expenses in this case."); *Piedmont*, 178 F.R.D. at 331–32 (granting plaintiff's motion for voluntary dismissal on the condition that the plaintiff "pay the defendants' fees and costs.").

Plaintiff, of course, is free to reject the terms of the Court's conditioned grant of his motion for voluntary dismissal. As the *GAF Corp.* court noted, "[u]nder ... rule [41(a)(2) ], a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." 665 F.2d at 367–68. Therefore, although the Court will grant the plaintiff's motion to dismiss, it will do so only on the condition that the plaintiff reimburses the defendant for the costs pertaining to the filing of its supplement to its motion for summary judgment.[7]

**SO ORDERED** on this 30th day of July,

---

**5.** Plaintiff argues that attorney's fees should not be awarded because "Washington Gas will not be legally prejudiced by granting" plaintiff's motion for dismissal. Pl.'s Reply at 4. The Court disagrees. Although the Court does not find that any prejudice the defendant suffered warrants the denial of plaintiff's motion for voluntary dismissal, it is clear that the defendant has obviously suffered some monetary loss by having to file a pleading to reinstate its previously denied motion for summary judgment; obviously this would not have been done if plaintiff had moved for dismissal prior to this filing. Therefore, the Court is of the view that the defendant should be reimbursed for the costs related to the filing of this motion. This result is particularly appropriate as discovery closed on April 4, 2003 and defendant's motion for summary judgment was due on April 11, 2003. Defendant filed its motion on April 10, 2003 and plaintiff did nothing to alert the defendant that the filing was unnecessary. It was not until May 9, 2003, the date on which his opposition to defendant's motion and cross-motion for summary judgment was due, that plaintiff filed a motion for an extension of time to file an opposition; thereafter, on May 12, 2003, plaintiff filed his motion to dismiss. Thus, despite plaintiff's claims that he has expeditiously moved to dismiss this action, it should have been apparent to plaintiff as early as April, 2003 that dismissal was warranted, yet the motion for dismissal was not filed until a month later.

**6.** The Court is not unsympathetic to defendant's concern that plaintiff may seek to refile this action in the future. However, it would not be unduly burdensome for the defendant to defend any subsequent action based on plaintiff's claims in this litigation as some discovery has been conducted and the defendant has already prepared a motion for summary judgment. Accordingly, a dispositive motion could be prepared and resolved by a court rather expeditiously if this matter is reinstated. *Cf. Whitehead v. Columbia Pictures Indus., Inc.*, No. Civ.A. 98–2938, 2001 WL 1218908, at *3–4 (D.D.C. June 14, 2001) (denying plaintiff's motion for voluntary dismissal where the defendants had pending motions for summary judgment and within eight years, "plaintiff ha[d] filed no less than 23 lawsuits in this jurisdiction[ ]" including lawsuits against then-President Clinton and the United States Department of Justice. "Because plaintiff has failed to provide a valid justification for permitting the withdrawal of his complaint at this stage of the litigation, and because dismissal without prejudice at this point would be severely prejudicial to the defendants—who have spent thousands of dollars and several years tolerating one delay after another in this case—plaintiff's motion to dismiss without prejudice will be denied.") (citing *Chambers v. Gesell*, 120 F.R.D. 1, 3, (D.D.C.1988)).

**7.** If plaintiff chooses to withdraw his motion to dismiss the Court will issue an order regarding the dates by which plaintiff should file his response to the defendant's motion for summary judgment and the date by which defendant should file its reply.

2003.[8]

### ORDER

In accordance with the Court's rulings as entered in the Memorandum Opinion that accompanies this Order, it is hereby

**ORDERED** that Plaintiff's Motion to Dismiss [# 32] shall be granted on the condition that plaintiff agrees to reimburse the defendant for its expenses related to the filing of its supplement to its motion for summary judgment. It is further

**ORDERED** that defendant's motion for summary judgment [# 11, # 29] is denied as moot. It is further

**ORDERED** that defendant shall file a motion for attorney's fees and costs for those expenses incurred as a result of the filing of its supplement to its motion for summary judgment by August 11, 2003. Plaintiff may file an opposition to the amount of fees and costs being requested by defendant by August 18, 2003.[1] It is further

**ORDERED** that the status conference scheduled to occur on August 12, 2003, at 9:00 a.m. is vacated.

---

**8.** An Order consistent with this Court's ruling accompanies this Memorandum Opinion.

**1.** If plaintiff concludes that he does not want to dismiss this action on the conditions set forth by the Court, he shall indicate this in his response to defendant's motion for attorney's fees and costs.